# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| RODNEY BRIGHT, )<br>　　Plaintiff, )<br>)<br>v. )　　12-CV-3028<br>)<br>)<br>DR. D. WILLIAMS, )<br>BECKY SUDRINK, and )<br>ASSISTANT WARDEN KIRCHNER, )<br>)<br>　　Defendants. ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently incarcerated in Dixon Correctional Center, pursues claims arising from alleged indifference to Plaintiff's diabetes while he was incarcerated at Jacksonville Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to

1

assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). <u>Zimmerman v. Tribble</u>, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776 (7th Cir. 2007), *quoting* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" <u>Id.</u>, *quoting* <u>Bell Atlantic</u>, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), *citing* <u>Bell Atlantic</u>, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this

standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff has diabetes.  During Plaintiff's incarceration in Jacksonville Correctional Center, apparently beginning in November 2008, Plaintiff saw the doctor to request larger boots or medical shoes, because Plaintiff's shoes were too small and were rubbing on his heel.  According to the attachments to the Complaint, that request was denied in February 2009.  In order to get the help he needed, Plaintiff stopped taking his insulin and wound up in the hospital in April 2009, again according to the attachments to Plaintiff's Complaint.  By then Plaintiff had an open sore on his foot.  According to the attachments to Plaintiff's Complaint, a referral for medical shoes was approved in April 2009.[1]

## ANALYSIS

The statute of limitations for Plaintiff's federal claims is two years from the date Plaintiff knew or should have known that his constitutional rights were violated.  Evans v. City of Chicago, 434 F.3d 916, 934 (7th Cir. 2006).  The statute of limitations is an affirmative defense, but a court can dismiss a complaint on statute of limitations grounds if the conclusion is "apparent" and "unmistakable."

---

[1] The date on the medical records actually states "4/23/04," but Plaintiff wrote in the corner that the "doctor she faked seeing me then order the shoes look at the date." (d/e 10, p. 19)(sics throughout).  Thus, according to Plaintiff the order for shoes was not written until April 2009.

*See* Walker v. Thomas, 288 F.3d 1005, 1010 (7th Cir. 2002).

Plaintiff's claims arise from events which occurred from November 2008 through April 2009. He therefore had until April 2011 to file his claims. He did not file this case until December 2011, eight months too late. Even allowing a liberal time for exhausting administrative remedies, an issue which Plaintiff does not address, Plaintiff's claim is too late.² Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001)(statute of limitations tolls while an inmate exhausts his administrative remedies).

IT IS THEREFORE ORDERED:

    1) The merit review scheduled for March 19, 2012, is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

    2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's claim is barred by the two-year statute of limitations. All pending motions are denied as moot (d/e 6), and this case is closed.

    3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to

---

²The IDOC website reflects that Plaintiff was released from prison at some point after these incidents occurred and then incarcerated again in June 2011. If Plaintiff had filed this case while on release, the requirement of exhausting administrative remedies would not apply. However, since he filed this case from prison, he is subject to the exhaustion requirement. 42 U.S.C. Section 1997e(a).

make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: 03/13/2012

FOR THE COURT:

                                              **s/Sue E. Myerscough**
                                              SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE